**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MARK DOWNEY,** ) | **CASE NO. 1:19 CV 1503** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the Complaint of *pro se* Plaintiff Mark Downey against Defendants United States of America, William Barr, Justin Herdman, and Laura Malone. He seeks to recover $56.68 Billion Dollars. Doc. # 1; Doc. # 1-1. Plaintiff moves to proceed with this action *in forma pauperis*, and that motion is granted (Doc. # 2).

For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Plaintiff states that he is representing the federal government in an action brought pursuant to the False Claims Act ("FCA") and Dodd Frank Act ("DFA") to recover massive cost overruns, excessive spending, and fraud to recover revenue with the goal of reducing the $21 Trillion Dollar federal deficit. *See* Doc. # 1 at 4; Doc. # 1-1 at 2. The Complaint, consisting of 89 pages, asserts 45 claims for relief. Plaintiff alleges that the "Federal Government employed the Plaintiff as a Federal Whistleblower." Doc. # 1 at 85. He claims

that his work of five years was illegally destroyed by the federal government with no compensation and the "unjustified whistleblower claim denial recourse is to file suit." *Id*. at 4.

Plaintiff filed a supplement to the Complaint, withdrawing his request for a jury demand and asking the Court to grant his a motion requesting that the entire case be ruled upon by correspondence and without appearance because Plaintiff is disabled and cannot travel to the Court. Doc. # 3.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Plaintiff's Complaint is entitled to liberal construction, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Plaintiff states that he represents the Federal Government in qui tam, the FCA and DFA claims to recover federal revenues. Doc. # 1 at 34. Plaintiff alleges in support of his FCA and DFA claims that Defendants have violated numerous federal laws and that all Defendants are

"accomplices and collaborators in all Counts." Doc. # 1-1 at 1.

As an initial matter, Plaintiff's rambling and conclusory allegations generally asserted against all Defendants fail to satisfy basic pleading requirements and the Complaint is subject to dismissal pursuant to § 1915(e)(2)(B) on this basis alone. *Iqbal*, 556 U.S. at 678 (pleading must contain factual allegations sufficient to place each individual defendant on notice of the claim asserted against him); *see also Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

With respect to his FCA claim,

> The False Claims Act (FCA) prohibits a person from making false or fraudulent claims for payment to the United States. 31 U.S.C. § 3729(a). That prohibition may be enforced in suits filed by the Attorney General, § 3730(a), and in qui tam actions brought by private individuals in the Government's name, § 3730(b)(1).

*Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409 (2005).

Plaintiff, a private individual, brings this FCA enforcement action in the government's name. "However, 'this Court lacks subject matter jurisdiction to hear a qui tam action brought on behalf of the United States by a *pro se* litigant.'" *McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (collecting cases). "Although the FCA does not expressly address whether a private individual can bring a qui tam suit *pro se*, the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute qui tam actions." *Id.* (internal quotation marks and citations omitted) (collecting cases); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (affirming district court's dismissal of Plaintiff's complaint because Plaintiff could not maintain a qui tam suit under the FCA as a *pro se* relator).

Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's FCA qui tam action, and that claim is subject to dismissal on this additional basis. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

With respect to the DFA, Plaintiff describes the DFA as a federal law promoting the financial stability of the United States by improving accountability and transparency in the financial system. Doc. # 1 at 53. The nature of Plaintiff's claim under the DFA is unclear but to the extent he is attempting to assert a whistleblower claim, Plaintiff fails to state a plausible claim for relief. Under the DFA, a whistleblower (an individual who provides information relating to a violation of the securities laws to the SEC) may not be fired in retaliation for providing such information. *See Deykes v. Cooper-standard Auto., Inc*., No. 2:16-CV-11828, 2016 WL 6873395, at *2 (E.D. Mich. Nov. 22, 2016) (citations omitted). There are, however, no allegations in the Complaint from which this Court may reasonably infer that Plaintiff was fired by anyone for alleged whistleblower activity or that he reported any violations of securities laws to the SEC in conformity with the requirements of the statute.

Plaintiff's DFA claim is subject to dismissal pursuant to § 1915(e)(2)(B) for this additional reason.

## IV.  CONCLUSION

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3).  Plaintiff's motion to proceed *in forma pauperis* is granted. Doc. # 2.  Plaintiff's request to withdraw his jury demand and that the Court grant his motion to rule on this case without requiring Plaintiff's appearance is moot, and the Clerk is directed to terminate the motion.  Doc. # 3.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

>  s/ *Dan Aaron Polster*    12/30/2019
>  **DAN AARON POLSTER**
>  **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.